UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARDS GRAY, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER KYLE,<br><br>　　　　Defendant. | Case No.: 1:16-cv-01269-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN RANDOM DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

I.

**BACKGROUND**

　　Plaintiff Reginald Edwards Gray, Jr., is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　On August 26, 2016, this matter was transferred to the Fresno Division of the Eastern District of California from the Sacramento Division, and assigned to the undersigned. New case documents and court orders were then issued the same day. (ECF No. 6.) Those documents were served by mail on Plaintiff at his High Desert State Prison address of record. A response to this Court's order requiring Plaintiff to indicate whether he consented or declined to consent to the jurisdiction of a United States Magistrate Judge was due on September 29, 2016. (ECF No. 6-1.)

On September 14, 2016, the new case documents and court orders were returned by the United States Postal Service as "undeliverable, discharged." As of the date of these findings and recommendations, Plaintiff has not provided any updated mailing address to the Court or otherwise responded to any of the Court's orders.

## II.

## DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing <u>in propria persona</u> shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

In this case Plaintiff's address change was due no later than November 21, 2016. Nevertheless, Plaintiff has failed to file any change of address form and he has not otherwise been in contact with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); <u>accord</u> <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010); <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>In re PPA</u>, 460 F.3d at 1226 (citation omitted).

Plaintiff's failure to comply with this Court's rules, the expeditious resolution of litigation and

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. <u>Hells Canyon Preservation Council v. U. S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.
### CONCLUSION, ORDER, AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

Furthermore, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2016**

UNITED STATES MAGISTRATE JUDGE